UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 06 C 2268 |
| ) | |
| DAWN HANSEL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Dawn Hansel to vacate, correct, or set aside her sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion is denied.

**BACKGROUND**

Hansel was sentenced to 12 months and one day after pleading guilty to three counts of filing false tax returns, one count of tax evasion, and one count of making false statements to IRS special agents. The IRS calculated the amount of loss as falling between $200,000 and $325,000. According to the sentencing guidelines in effect at the time, that translated to an offense level of 16. U.S.S.G. § 2T4.1 (2000). Because of her guilty plea, Hansel received a three-point reduction in her offense level for

acceptance of responsibility, so her base offense level was 13. Combined with her criminal history category of I, this offense level yielded a guideline range of 12-18 months of imprisonment. Though acknowledging that the guidelines were only advisory, we concluded that the guideline range was reasonable and that nothing in Hansel's background would justify a sentence outside of that range. To allow her to benefit from the additional good time credit available to persons receiving a sentence of more than a year, the sentence rendered was not the 12-month low end of the guideline range but 12 months and one day.

Hansel did not appeal her sentence. Approximately six months after she was sentenced, she filed the instant motion asking that we vacate, correct, or set aside her sentence pursuant to 28 U.S.C. § 2255.

## LEGAL STANDARD

Section 2255 permits a prisoner to "move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, or that "the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" Such collateral relief is only available, however, where there was "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Bischel v. United States, 32 F.3d 259,

263 (7th Cir. 1994) (quoting Borre v. United States, 940 F.2d 215, 217 (7th Cir. 1991)). In evaluating a § 2255 petition, the district court must review the record and draw all reasonable inferences in favor of the government. Carnine v. United States, 974 F.2d 924, 928 (7th Cir. 1992).

A district court need not reach the merits of an issue in a § 2255 proceeding unless it has been raised in a procedurally appropriate manner. See Williams v. United States, 805 F.2d 1301 (7th Cir. 1986). The motion is not a substitute for a direct appeal. See McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996). When a defendant fails to raise an available claim during direct review, the doctrine of procedural default normally will bar its consideration in a § 2255 motion. Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002). This general rule is subject to two exceptions: where a defendant can satisfy the "cause and prejudice" test of Wainwright v. Sykes, 433 U.S. 72, 87, 97 S. Ct. 2497, 2506-07 (1977), or where a defendant can show a fundamental miscarriage of justice. See Sawyer v. Whitley, 505 U.S. 333, 339, 112 S. Ct. 2514, 2518-19 (1992).

To proceed under the first exception, a defendant must show that the failure to present a given issue previously was the result of circumstances outside the defendant's control ("cause") and that the errors of which he complains created actual and substantial disadvantage, such that his entire trial was tainted with error of constitutional proportions ("prejudice"). See, e.g., Coleman v. Thompson, 501 U.S.

722, 753, 111 S. Ct. 2546, 2566 (1991); United States v. Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 1596 (1982). It is not enough for a defendant to make conclusory allegations of cause and prejudice; the burden can only be satisfied by a specific showing of their existence. See, e.g., Norris v. United States, 687 F.2d 899, 900-04 (7th Cir. 1982).

Under the second exception, if a defendant can show a fundamental miscarriage of justice that would result if his claims went unexamined, procedural default will not prevent a court from addressing the merits of a § 2255 motion. See Sawyer, 505 U.S. at 339, 112 S. Ct. at 2518-19. In this context, the phrase "fundamental miscarriage of justice" has been construed to apply only to situations in which a defendant can demonstrate that he is actually innocent of the crime of which he stands convicted. See Gomez v. Jaimet, 350 F.3d 673, 679 (7th Cir. 2003).

Furthermore, if a procedurally defaulted argument does not raise a constitutional issue, it is barred from collateral review. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds by Castellanos v. United States, 26 F.3d 717, 719-20 (7th Cir. 1994). However, questions of ineffective assistance of counsel are generally exempt from procedural default. Massaro v. United States, 538 U.S. 500, 508-09 (2003).

## DISCUSSION

In her initial petition, Hansel framed her arguments for relief in terms better suited to a direct appeal than to a § 2255 collateral attack. She contended that the amount of loss used to calculate her offense level was too high; she asserted that it should have fallen between $120,000 and $200,000. If she is correct, the beginning point for her offense level would have been 15 rather than 16. After the three-point reduction for acceptance of responsibility, her offense level would be 12. In combination with her criminal history category of I, this offense level produces a guideline range of 10-16 months and moves the range from Zone D to Zone C. The effect of the shift in zones opens up the possibility that the sentence can be satisfied by a means other than only imprisonment if the minimum term is imposed.

As stated above, Hansel pled guilty to all five charges. She did not enter into a plea agreement with the government. Though she was advised of her right to appeal at her sentencing hearing, she chose not to do so. A claim simply that her sentence was improperly calculated could and should have been presented on direct appeal. Because it was not, her arguments are procedurally defaulted, and she can proceed only if she can demonstrate that one of the exceptions discussed earlier applies. In her reply, Hansel urges that she can show both cause and prejudice and that to deny her motion on the basis of procedural default would result in a fundamental miscarriage of justice.

As to the first exception, Hansel contends that her attorney provided ineffective assistance in representing her at her sentencing. Ineffective assistance of counsel can establish the good case for default necessary to overcome the procedural bar that usually results from a failure to present a claim before the right court at the right time. See McCleese v. United States, 75 F.3d 1174, 1179 (7th Cir. 1996). To determine whether Hansel's attorney's performance prevented her from raising her sentencing issues to the Seventh Circuit, we must examine counsel's actions using the familiar two-step process set forth by the Supreme Court in Strickland v. Washington. 466 U.S. 668, 688-90, 104 S. Ct. 2052, 2065-66 (1984). Under this test, a petitioner must establish that her lawyer's representation fell below an objective standard of professional competence and that she suffered prejudice as a result. See id. Because of the strong presumption that counsel's performance was within acceptable professional boundaries, Strickland established that, where possible, a court should examine first whether a client was prejudiced by the assistance he or she received. Id. at 697, 104 S. Ct. at 2069. If not, there is no reason to examine whether counsel's performance was within acceptable professional standards. Id.

Hansel's attempt to hang her hat on ineffective assistance of counsel is unsuccessful for two reasons. First, to establish good cause sufficient to defeat the bar of procedural default as to the issues she has with the calculation of her sentence, the problem that she has with her attorney's performance must relate to the failure to present the issue to the appropriate court. Here, Hansel does not claim that her attorney

failed her by neglecting to inform her that she could appeal or to provide her with information on how to do so or the like. Accordingly, from an analytical standpoint, the errors she does point to do not establish that her failure to appeal the nonconstitutional issue of the guideline calculation was beyond her control.

Second, even if we were to consider them as an independent ground for relief, Hansel's claims of ineffective assistance are unmeritorious. To show prejudice, Hansel must show that there is a reasonable probability that, but for counsel's allegedly improper conduct, the result of the proceeding would have been different. Id. at 694, 104 S. Ct. at 2068. As stated above, even if we were to accept Hansel's contentions regarding the amount of loss for which she should be held responsible, the sentence she received was still within the resulting guideline range. That fact alone is not enough to establish that the outcome would not have changed if Hansel's counsel had argued for the lower amount of loss. See Glover v. United States, 531 U.S. 198, 204, 121 S. Ct. 696, 700-01 (2001). However, as we made clear at the sentencing hearing, Hansel did not receive the minimum sentence allowable under the advisory range. Instead, she received the lowest sentence available that would allow her to be released more quickly than if she received a sentence of one year or less. That number, 12 months and one day, remains the same even if we were to employ the 10-16 month range that Hansel advocates. Thus, she has not established that the outcome of the proceeding would have been different if counsel had argued successfully for a smaller loss amount. In other words, there was no prejudice to her from counsel's alleged errors. See Emezuo

v. United States, 357 F.3d 703, 711 (7th Cir. 2004). Thus, there is no reason to conclude that the assistance she received was constitutionally inadequate, and she cannot therefore escape the procedural default of her failure to raise her issues with the calculation of the loss amount on direct appeal using the cause and prejudice exception.

That leaves only Hansel's contention that allowing procedural default to bar her motion would result in a fundamental miscarriage of justice. As stated above, in the context of § 2255, this phrase has a narrow and specific meaning—a constitutional violation that has resulted in conviction of an innocent person. Gomez, 350 F.3d at 679. Hanson does not allege that she is innocent of the crimes to which she pled guilty; she only disputes the measure of her culpability. This is not the type of situation that constitutes a fundamental miscarriage of justice.

## CONCLUSION

Based on the foregoing, Hansel's motion to vacate, correct, or set aside her sentence under 28 U.S.C. § 2255 is denied. All other motions are denied as moot.

Charles P. Kocoras
United States District Judge

Dated:   August 31, 2006